Motor Company. Is it Mr. Subar? Good morning, Your Honors. It may have pleased the court. My name is Lauren Subar, and I'm pleased to represent Christy Williams, appellate herein and the plaintiff below. I respectfully reserve five minutes for rebuttal. Before beginning the course of the argument today, I want to share a brief quote from a case in which you judge, Chief Judge Richmond, were part of a panel just a few months ago in Rosvie versus Dallas-Fort Worth Airport. The court said, we have cautioned that inherent powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed. If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less respective measure first. We emphatically state that sanctions should not should be used lightly and should be used as a lethal weapon under only extreme circumstances. In this case, the first and only sanction not only ever considered, not only ever ordered by the court, but ever considered by the court below was a litigation ending sanction. In this case, the district court made the following errors. First, the district court was in error in striking the plaintiff's liability expert as a discovery sanction. Second, the district court was in error in then using that sanction to dismiss Ms. Williams' lawsuit with prejudice. The two topics I want to cover today are, first, whether the sanction imposed in striking plaintiff's liability experts was a litigation ending sanction. The second is whether the evidence before the district court and stated in the court's order met this court's heightened standard for issuing a litigation ending sanction. For the first issue, whether striking the experts was a litigation ending sanction, this court's own title for what some courts call a death penalty sanction, but what this court terms a litigation ending sanction makes the issue clear. Specifically, was the sanction ordered by the district court striking plaintiff's liability experts in a product liability action where the expert testimony was a required element for proof, did that end the litigation? For that answer, the court need look no further than the first sentence, I should say the second sentence, of the district court's summary judgment where the district court noted that if the court struck plaintiff's experts as a sanction, it would terminate the litigation. This court has consistently held that when determining whether a sanction is a litigation ending sanction, that the court can look at one or two contemporaneous documents. This was precisely the holding in Law Funder versus Munoz where the court considered a sanctions order executed contemporaneous with a dismissal as being a single litigation ending sanction. Other courts in the Fifth Circuit have more clearly stated the understanding of this court. Earlier this year, in Lawyer versus Power of Grace Trucking, a court in Louisiana said the Fifth Circuit mandates when a sanction is of substantial effect that it would spell doom for the case, the sanction is a litigation ending sanction. Years earlier in EEOC versus General Dynamics, this court recognized that in fact in striking an expert in a product liability case where that expert's testimony would be necessary to prove the case, that the court still had to go through a heightened level of scrutiny to determine whether the sanction was correct. I would very briefly, even though this is a procedural issue, not a substantial issue, substantive issue, I would say that under Texas law, with regard to the same issue, the Texas courts have specifically stated that when an expert is struck and that expert's testimony is necessary to prove a case, that is a death penalty sanction. There are two constitutional issues that are of concern in this case. The first is one stated by this court many times. We cannot and must not say that the ends justify the means at the expense of our constitutional rights. Yet ignoring that warning, the court in the district court made that very ruling. While it sounds like a harsh assessment, I would again invite the court to look at the first or second sentence of the summary judgment where the court says that if it strikes the experts, if and not when or because it strikes the experts, then, and it says strikes, not struck the experts, then there would be insufficient evidence to proceed with the case and the dismissal followed. Your basic theory is that a sanction that by all litigations is a discovery sanction, nevertheless becomes litigation ending based on the underlying substantive law that we're applying to that case. Is that a fair summary? Absolutely. Is it strange, though, to recharacterize a discovery sanction as something other than a discovery sanction in one case based on substantive law when in another case nobody would ever treat it as that? Well, I think... Why isn't it more sensible just to say it's a discovery sanction that simply has broader consequences? I don't know. And the reason I say that is, is that I will tell you, first of all, most of my cases I was looking at were discovery sanctions. And secondly, even when the court considers other dismissals with prejudice, like under Rule 60, the court, again, has gone, several times has gone through that same counter-analysis. Do you have any case where we have, we or another circuit has treated a discovery sanction as a litigation ending sanction? Where they've treated a discovery sanction as a litigation sanction? I think, actually, the vast majority of the cases that I've cited have been, because they've been cases where specifically they've talked about either not producing, either not producing deposition testimony, not answering, not answering discovery. I think, in fact... Those are all the so-called death penalty sanctions that were in vogue in the 80s and 90s, as I recall, and it was, the court dismissed the case as a discovery sanction. So the sanction itself was case-ending because the court said it was. It said, your punishment for failure to disclose these documents is I'm going to dismiss your case, or I'm going to enter default judgment against you. Which is, that's not what happened here. And I agree with you, Your Honor, that prior to FDIC v. Conner, that's exactly what the court said. That's where there's that separation between what happened before FDIC v. Conner and after FDIC v. Conner, where that becomes a crucial definer, is that the court said, look, you have to go through these four specific tests in order to, before you can consider a death penalty sanction. Well, it's, I take your point that excluding an expert is not a dismissal of the case, but it could result in the death of the case where you have to have an expert to prevail. I take your point. But, you know, we have said over and over again, if you don't meet your discovery, the pretrial order deadlines, the court can exclude witnesses, period. Haven't we said that? That is correct, Your Honor, except for the fact that then you have to look at those two principles together. I think that if you look at them separately in a vacuum, I don't disagree. When you look at the two principles together, the fact is, is that before you can dismiss the case, before you can dismiss a case with prejudice as a discovery sanction, you have to go through that process. So I absolutely agree with the court that generally you have to go and follow the discovery rules, the discovery orders of the court. I don't disagree with that at all. But when those orders are not followed, what the court has said is that, what this court has said is, is that before you issue that ultimate sanction, you have to go and consider lesser sanctions. And in fact, not only did the trial court not consider lesser sanctions, the court never even mentioned considering lesser sanctions. In fact, in the... If a baseball umpire mistakenly, which is conceived, mistakenly calls a strike rather than a ball at the end of the game, would we call that, we wouldn't say that umpire is calling a forfeiture of the game. It's still just a ball or a strike call, isn't it? Correct, but... What's the difference here? Well, and again, that's exactly the argument that, that the defendant has made. Right. But you have to look at the, not just at that specific ruling, you have to look at what the effect of the ruling is, and this court and the other... In the baseball analogy, the effect of mistakenly calling a strike in the ninth inning, you have to look at what the effect of that is to forfeit the game, under your theory. But nobody would say that the umpire has declared a forfeiture, they would just say the umpire made a ball or strike call. Well, but there is a difference because, again, the rules as set forth by this court have in fact set forth different rules with regard to your ball and strike analogy is very black and white. But the court, but this court has gone and made it very clear... Now, let's say that the rules of Major League Baseball say that for an umpire to call that a game is forfeited requires unanimous ruling of all the umpires on the field. Does that mean that the final ball or strike call has to be done unanimously? I would think the answer is no, because it's not a forfeiture call, it's a ball or strike call, even though the consequences of that ball or strike call happens to be the end of the game. I assume you agree with that. My only question then is why is this case any different from my analogy? Well, because, again, it's because it's not a baseball game, Your Honor, and there are other contingencies that have been, extingencies, that have been recognized. Things like the fact that, again, this was not as happens in a lot of these cases, and if you look at the case, in fact, a case I think that you were on, Vicus, earlier this year where we're talking about perjury, we're talking about, they actually used the term anarchy to introduce the, to introduce the matter when they started talking about litigation ending sanctions. This was a first, this was the first, actually the first time that parties were ever physically in front of the court, but they've never been in front of the court with regard to anything even mentioning sanctions beforehand, and the courts have, and this court and others have recognized that there has to be some progression, especially when you're talking about, and I figured I'd be addressing it in rebuttal, but I'll address it now, but especially in a matter such as this where, well, the precipice, the thing that led to the sanction was this email canceling the, the, uh, court seemed pretty upset about that. Pardon? The district court seemed pretty upset about that. Well, and I agree with that, Your Honor, but the fact of the matter is, is that, unfortunately, that it was a poorly worded email shot from the hip, but in reality, but the reality is, and one that the district court didn't take into consideration, was the entirety of the record as to why that occurred, and. You understand we typically don't get, we typically don't get into the business of the district courts making this type of call. There's a pretty deferential approach that we typically take. And I appreciate that, Your Honor, and I don't question, and I, that, that's part of what I said, in fact, in my, in the prayer, which was, look, do I, I'm not questioning the, whether the court had the right to go and sanction for what the, uh, uh, for the plaintiff going and canceling the deposition, and I'm not questioning whether the court, uh, can look at the entirety to go, of the record to go and make that determination. But the fact of the matter is, is that, um, the court still has to go and follow its ball, the, the balls and strike calls as noted by this court. And one of those is, is that when you have a sanction that is going to end the litigation, there is a separate set of rules that need to be followed. Um, I'm going to reserve the rest of my time for rebuttal. Thank you. May it please the court, good morning. Um, regarding this case, there's really only one issue, uh, that is before the court, and that is, did the district court, who according to long-standing Fifth Circuit precedent, must be vested with the power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, and whose enforcement of reasonable scheduling deadlines should not be lightly disturbed on appeal, abuse its discretion in granting a motion for evidentiary exclusion sanctions. Now, the two most important things I said right there, I believe, are the standard of review is abuse of discretion, and the order of the district court at issue is an order excluding evidence. It is not an order issuing litigation ending sanctions. Significantly, the abuse of discretion in the standard is applicable in two important ways. First, the district court's imposition of sanctions is reviewed to determine if the court abused its discretion. And frankly, I don't think I heard it right there, and I don't think this court would find it, uh, that there was an abuse of discretion because the plaintiff undeniably canceled an expert deposition repeatedly and failed to present . . . How many times? I forgot. I've lost count. At least two. Is that correct? Yes, Your Honor. There is a long history, of course, set forth in the record associated with our efforts to get this expert deposed. In the end, the expert was never deposed in accordance with the court's order, and therefore, there could really be no argument that the court abused its discretion in finding this misconduct warranted a just sanction. Well, it sounds like each side's lawyers in the trial court were accusing the other side of gamesmanship. Well, I hate to put it that way, Your Honor, but that may be . . . I'm not saying that's fair. I'm just saying that it appears to be one of these sort of classic unfortunate situations where lawyers don't get along. Uh, I've known counsel for many years, tried many cases against him. We do get along. Unfortunately, here, I don't think he was . . . I'm surprised he's not here today. He was not up to speed on the case at the district court level to realize, number one, that we were still within the discovery period. The offer of explanation that they made for canceling the deposition was we were outside the discovery period. That's set forth in the district court's analysis. So, I was surprised that I was being accused of gamesmanship with respect to discovery, but that, I think, as the district court said, even if that were the case, we don't do tit for tat. I had a request for the deposition. They had agreed to produce him on multiple occasions. They failed to produce him. They canceled it unilaterally. They engaged in self-help, and the court then issued a just sanction, which was exclusion of the expert. And that's the other aspect of the abuse of discretion standard, and perhaps more importantly is, particularly given the plaintiff's attempts at framing this as a litigation ending sanction, the district court's determination of the appropriate legal test to be employed in the assessing of the sanction is, according to one of the most recent cases here in the Fifth Circuit involving this issue, the Kirkendall v. Court Health Care 966-Fed3-351 case, that is reviewed under an abuse of discretion standard. So, Judge Barker had the discretion to determine which legal test would apply, and he did that, and he determined this is not a litigation ending sanction. This is a discovery sanction asking for the exclusion of evidence. This would be like if they had failed to produce documents during discovery, and the court then determines, well, I'm going to exclude that evidence. Now, what's the effect of that? Well, maybe that was the most critical piece of evidence in the case, but that was not what the court was determining in terms of, you know, that's litigation ending. No, the court was faced with a discovery issue and issued a just discovery sanction. Now, that's important here, again, because what the plaintiffs are trying to frame this as is a litigation ending sanction. They've actually suggested that there should be a four-prong test with regard to expert exclusion, and then they want a four-prong test with respect to litigation ending sanctions. Really, I don't think either of those tests apply. Judge Barker actually did go through the expert exclusion prongs in his order, and it's set forth in the record, so I don't think he was required to do that. Under Compact, in this case, or in this court, it was determined that the judge only has to determine if the sanction was just and specifically related to the claim at issue in the discovery order. That's exactly what happened here. The court made a determination that the sanction was just, employing those four factors. Judge Barker went through, well, how important is this witness? What prejudice will befall Honda? Could I consider a lesser sanction? What was the plaintiff's excuse? Why wasn't a lesser sanction considered? Well, because there would be no appropriate lesser sanction. We certainly discussed this with Judge Barker during the hearing, and contrary to what Plaintiff's Counsel just suggested, that he didn't consider a lesser sanction, Judge Barker asked Mr. Subar, can you give me a lesser sanction? The court is contemplating a continuance. The court's contemplating ordering Honda to depose these experts, you know, right before trial. Or there could be costs, right? Fees and costs would be lesser. Exactly. So the court did consider this, and invited Mr. Subar, hey, can you come up with a lesser sanction for me to consider? Mr. Subar offered him nothing. Where is that in the record? I'm sorry, Your Honor? Where is that in the record, if you have an RA site? Yes, Your Honor. It's going to be in the transcript, which I'm not sure what the record appeal number is, but it's going to be probably, the colloquy begins on page 47 of the hearing transcript, Your Honor. And actually, on page 46, the court goes,  well, a trial date could be continued or depositions could be taken between now and April 18th. And he's asking Mr. Subar, which of those do you believe is appropriate, if any? And Mr. Subar says, you know, unfortunately, I apologize, Your Honor. I'm not the person that would be taking a product liability deposition. We're talking about the Schedule II experts. I don't know. You know, I don't know what to do in this situation. So there was no solution that was being offered. But to answer Chief Judge Richman's question, there would be no lesser sanction. Here is the expert. The only option was to either preclude him from testifying or grant a continuance of a case that had already been continued. This was its third trial setting. We've expended tremendous resources and money getting the case ready for trial. Justice delayed. Is justice denied? Judge Barker went through all of that in the analysis. I don't think he was even required to do that. I think what he was required to do under Compact was come up with a just sanction that relates directly to the misconduct at issue. The misconduct at issue was precluding discovery of these experts. The just sanction was to simply strike the experts. Now, the result of that ultimately became the granting of a summary judgment. But as both this Court and the United States Supreme Court has said, a particular legal consequence follows from the discovery sanction does not in any way affect the appropriateness of the sanction. I get that. But by that point in time, the designation deadline had passed. They could not designate another expert on this gathering. So, I mean, we're blinking reality to say the judge didn't realize, everybody realized it was a litigation ending sanction. I disagree, Your Honor. It's not litigation ending in the sense that, number one, they could have tried to seek some further relief. They could have asked for a motion for leave. That's exactly what happened in Lawfender v. Munoz where that Court determined that's not litigation ending sanction simply because the pleadings were struck because there are still other avenues of relief that could have been considered. Here, plaintiffs did nothing. And I don't . . . But they didn't move for continuance? I thought they did. No, they did not move for continuance. And so, I don't think that there was litigation ending immediately. That was maybe the ultimate consequence here. But if you look at this product liability case, they played causes of action in design, manufacturing, and warning. And they didn't say, well, we'll make the expert available next week or two days from now. They made no offer in that regard, Your Honor. Again, no alternative presented. And so, in terms of the timing associated with this being litigation ending, no, it wasn't. What it was is we had some experts struck. If they had other evidence, maybe there was a recall on the product or maybe there was something else. They had a warnings claim, but of course they couldn't advance evidence because Ms. Williams never read her owner's manual. So they had these other claims that, again, they could have brought forth evidence on. Perhaps they chose not to do so. They put all their eggs, I guess, in this basket of design defect. Because that's really all the issue is in terms of this being litigation ending. It's not. It's claim ending. It's claim ending as to the design defect claim. They had to have an expert on design defect. When they lost this expert, they lost that aspect of their case. However, they could have advanced other evidence or done other work and as Judge Barker pointed out when he granted the summary judgment, they brought me no additional evidence. So, it's not some type of fiction or something in terms of it not being litigation ending. It was claim ending as to one specific claim, the design defect claim. So, I think what we can examine the underlying factual issues, but of course that's reviewed under a clearly erroneous standard and hopefully the record is sufficient. I think I heard counsel finally acknowledge that there really was no basis for canceling the deposition. It was a bad decision at the last moment the day before the deposition to pull down the expert. If you've seen the email traffic, I specifically cautioned my esteemed colleague who I've tried cases with, don't do this. Judge Barker is not going to appreciate this. This is not an appropriate path and of course is... That is why though I'm sort of at least lightly suggest there could have been a lesser sanction of cost associated with having to prepare a deposition that was never took place. There are lesser sanctions in theory that could have worked. That was forfeited by the other side so be it. I think there's lesser sanctions that were considered by the court and yes, in theory there are lesser sanctions. That wouldn't be just and I don't think Judge Barker abused his discretion in making that determination for all the records. Why would that not have made you all whole? Well, in terms of making the client whole, Your Honor, I guess we would have to... The delay aspect? Yeah, exactly. I was going to say the money is in the money. In fact, at the trial court I told Judge Barker yes, as an alternative we of course asked for our costs back. That would be considerable. I said it wasn't insignificant but that's really not the issue. Justice delayed is justice denied. When you've had three trial settings and you've tried for over a year to depose their experts and it's met with this continued I hate to say it, gamesmanship. Every time I asked for the expert it was conditioned. I had to produce corporate representatives before I could take the deposition. I had to produce a crash test vehicle before I could get deposition dates. I had to take it only via Zoom even though it was noticed for live in person and they never moved for protection. I think that's the most offending thing here is they never moved for protection at all as to these deposition notices. Zero. It was self-help and if we're going to allow litigants to engage in self-help I really fear what is going to happen with regard to oh, yeah I just did something that's really bad but you can't sanction me Judge because I'll take it to the Fifth Circuit saying it's litigation ending and I'll cite the Williams versus Honda case that says if there's something that somehow results in a litigation ending sanction you, the trial court, no longer can do that and of course that really hamstrings the district court in the conduct of their business. District judges have to have the authority to manage their dockets and we owe deference to their decisions whether and how to enforce the deadlines they impose. That's what happened here. We actually had to do these deadlines by agreement multiple times because I was trying to work with counsel and even though my deposition notices were not being honored and even though they finally agreed on a date certain and the conditions had finally been removed because by the way they never took our corporate representative deposition. That's part of the gamesmanship. I spent so much time and money prepping witnesses that they canceled twice but I had to do that in order to even get deposition dates so finally they canceled my corporate representative deposition in October having agreed to present their expert for deposition in November and then of course the day before they canceled that deposition as well. I think that on balance then the sanction that was issued is just I don't think you have to go through a four prong litigation ending analysis if you were to do that I think frankly that the case still warrants the finding that there was no abuse of discretion. I think the court applied the proper standard when it said I have to determine whether the sanction is just and it's tied to the misconduct itself. This court has kind of explored well in the issue of litigation ending sanctions should we require this four prong or law funder I actually refer to it as six prong test and there are other factors if I was moving for immediate dismissal, if I was moving for some type of default those are litigation ending sanctions that's not what was requested here. This was an evidentiary exclusion sanction and as I say Judge Barker even went out of his way I thought very well in his reasoned opinion going through those four factors for excluding an expert he listened to the excuse that they offered and he found that it was not right or just. He considered how important the testimony would be he knew that that would eliminate a design defect claim until he saw the rest of the record he wouldn't know that that was litigation ending. It wasn't. It was claim ending not litigation ending. He considered the potential prejudice in allowing the testimony which should be huge. Sorry what do you mean claim ending not litigation ending? I'm sorry your honor? Claim ending not litigation ending? Claim ending only as to that design defect claim. They needed an expert on design defect. That's a weird, I mean what if that was the only claim they brought? That's not the only claim they brought. No but why is that? I'm not sure I get that argument. I mean litigation ending is litigation ending as to whatever claim you're talking about. This strikes me as a weird dichotomy. Again I think it was the effect of the sanction was claim ending. I don't think that's litigation ending. That strikes me as a better dichotomy. Again as both this court and the Supreme Court has says that a particular legal consequence follows from the discovery sanction does not in any way affect the appropriateness of the sanction. I was going to note of course that Judge Barker did go through the four pronged touchstone of excluding the expert. He did listen again to their excuse. He considered the importance of the witness. He considered the prejudice that would flow. He determined whether or not he could cure the prejudice. Of course he actually went further even though I don't think he was required to and considered well what are the other issues at stake here and what will the deterrent effect be if I don't do this. Again that is the concern I raised a moment ago. If we're going to allow litigants to engage in self help and not allow the court to enforce its orders and to issue just sanctions then I'm afraid that we will lose the demeanor and decor we should have at the district court level in terms of how discovery is conducted. Again I'm glad to address any of the underlying factual issues. I would simply say that it's pretty replete with the efforts we made to depose these experts and we were denied that and no offer was made by plaintiffs to try to accommodate that. So in the end we are asking that this court find that the sanction is issued by the district court after a thorough analysis of the underlying factual issues was just that even if you wanted to employ the use of the four factors for excluding of an expert, the court did that. He did not abuse his discretion in finding that the misconduct of the plaintiffs was tied directly to the relief that was sought. He took into account the consideration of the issue, analyzed the prejudice to the non-defending party determined whether a letter of sanction could remember the issue. Given the thorough analysis that the court below conducted, I don't believe that this court could find that it abused its discretion and therefore I think the decision should be affirmed. Thank you for your time. If I may, let me just cover a few points. First of all, we absolutely have never acknowledged that at the end of the day that we were not correct in not going forward with the deposition. I want to point out some language from a case that we cited, Phillips vs. GMC, which in which the court had the exact same situation happen and here's what the last lines of the court's opinion were the timing of the tests on the eve of the expert's depositions and after they submitted their testimony, derail the scheduled depositions and suggest the need for a trial delay. That is exactly what happened here. These tests came almost a year after they were already supposed to have been provided. The Fifth Circuit has made clear that when you talk that there's a difference between the discovery deadline and the expert deadline and when it comes to tests those tests are part of the expert deadline, not the discovery deadline and the courts in the Fifth Circuit have absolutely agreed with that. Second thing is it was interesting that counsel cited Kirkendall I'm going to say Clark vs. Sanofi which I believe Judge Ho you were part of that opinion where the court specifically stated although they didn't apply because it was an MIL case that in fact when you're talking about sanctions that will dismiss a case that it's not really a two part test and a four part test but as the court termed it, it was a six part test um counsel indicated that we never sought protection in this case of course we did. In fact there was a huge part of our brief where counsel earlier in the summer had tried to go and take the deposition face to face and we had to seek protection because until we found as counsel indicated a letter from his mommy to go and address the fact that he didn't want to sit across from directly across from somebody who had just gotten off an airplane because of some health concerns so we absolutely had addressed that in the past um the counsel said wait a second Judge Barker stated from the bench that as to what he viewed as potentially lesser or greater sanctions and therefore the court did consider it and in fact this court has specifically in fact Judge Howe you were on Vicus where that very consideration was made they went and they why didn't the deposition take place in two days why didn't that happen well and in fact in a subsequent email we explained exactly why because we had just gotten the reports and we needed to see the testing and in fact there was a specific email and I think it's at the it's record 428 there was a specific email that in fact went and said look before we go and put on our litigation if you want to go and use that that new test that with the test that you guys had for over a month without bothering to turn over we want to be able to go and see that testing and in fact in that email we specifically go and say we're more than happy to go and put up the experts but we have to work on an even playing field and going and doing a test holding the record for over a month until they didn't turn it over we learned about it the day before the deposition they didn't turn it over until the day after the deposition was supposed to take place and that's part of the point your honor is that the fact of the matter is that the trial court the district court was more than happy to look at the entire record when it served the purpose of the district courts ultimate say ultimately dismissing the case and then the court was more than happy to go and look at different parts in a vacuum when that served their purpose but when you look at the overall nature of the case this clearly was not as well as the fact that again I know I've said this a couple times that this was the first time we there never even been a motion to compel in front of the court before this and the courts have made it very clear you have to come and ask for something else before your first move is to ask for sanction that would dismiss a case um because there's no evidence of the law not only of the two part test which I would note includes the the client actually participating in the bad acts as well as the law funder six part test uh we believe that the court was committed reversible error and would ask that the case be reversed and remanded back to the court for trial on the merits thank you that will conclude the arguments before this panel this week the cases are under submission thank you may we excuse your honor may we excuse your honor